UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY MUÑOZ,<br><br>                    Plaintiff,<br><br>       v.<br><br>CITY OF YAKIMA, a municipal corporation,<br><br>                    Defendant. | NO: 12-CV-3024-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL |

BEFORE THE COURT is Plaintiff's Motion for Voluntary Dismissal (ECF No. 18).  This matter was heard without oral argument on March 27, 2013.  The Court has reviewed the relevant pleadings and supporting materials, and is fully informed.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).  "A district court

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL ~ 1

should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)(noting "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where plaintiff would gain a tactical advantage."). The decision to grant or deny a motion pursuant to FRCP 41(a)(2) is within the sound discretion of the trial court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Further, the district court has discretion to condition a dismissal without prejudice upon the payment of appropriate costs and attorney fees. *Westlands Water Dist. V. United States*, 100 F.3d 94, 97 (9th Cir. 1996)("defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims."). However, the payment of fees is not a prerequisite to a Rule 41(a) dismissal. *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

Plaintiff seeks dismissal of his state law claim without prejudice due to his admitted failure to comply with a provision of RCW 4.96.020 precluding a tort claimant from proceeding with a lawsuit until sixty days have passed from the date the claimant filed the claim with the municipality. Wash. Rev. Code § 4.96.020(3). Plaintiff indicates his intention to "start over" and re-file his state law claim in state court after the requisite passage of sixty days. He also requests leave to dismiss his

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL ~ 2

claim under the Family Medical Leave Act ("FMLA") and re-file the claim under a Washington statute that "mirrors the FMLA." ECF No. 18 at 3. Plaintiff argues the Defendant would not be prejudiced because the issues would be the same as they were in federal court, and therefore discovery already conducted would be useful in any state court proceedings.

Defendant does not object to Plaintiff's request for dismissal of his claims, and offers no argument that dismissal of Plaintiff's claims will result in plain legal prejudice. *See Smith*, 263 F.3d at 975. Rather, Defendant asks the Court to dismiss the federal claim with prejudice in light of Plaintiff's indication that he intends to pursue solely state law claims.[1] Plaintiff offers no objection to Defendant's request to dismiss the FMLA claim with prejudice. Thus, the Court dismisses Plaintiff's state law claims without prejudice, and his federal FMLA claim with prejudice.

Finally, Defendant perfunctorily asserts that it "should also be awarded its costs." Defendant has failed to show that the work done on these issues will not be

---

[1] Defendant also asks the Court to preclude Plaintiff from asserting "any and all claims based on or involving any federal statutory or constitutional provisions." ECF No. 19 at 2. Defendant offers no authority for this request, and the Court declines to impose a blanket prohibition on any and all applicable federal claims that the Plaintiff may assert in the future.

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL ~ 3

useful in a subsequent action. *See Westlands Water Dist.*, 100 F.3d at 97. Instead, the Court presumes that Defendant's work can be used in future litigation as Plaintiff intends to re-file his state law claim under RCW 49.60, as well as the state law equivalent of his FMLA claim. Moreover, while the Ninth Circuit has not definitely ruled on whether fees and costs are available when a matter is dismissed with prejudice, district courts in the Ninth Circuit have concluded that payment of fees and costs should ordinarily not be imposed as a condition for voluntary dismissal with prejudice. *See e.g., Burnette v. Godshall*, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993)(noting "there is no risk of future litigation" when an action is dismissed with prejudice). For these reasons, the Court grants Plaintiff's motion without an award of fees.[2] However, what is now the unnecessary costs incurred for removing this action to federal court should not be borne by Defendant.

//

//

//

//

---

[2] This ruling concerns the denial of any fees for the proceeding itself and does not obviate the Court's Order granting fees for compelling discovery, the subject of another order filed concurrently herewith.

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Voluntary Dismissal, ECF No. 18, is **GRANTED**. Plaintiff's state law claim is dismissed without prejudice; and his federal FMLA claim only is dismissed with prejudice.

2. All claims and causes of action in this matter are **DISMISSED** without fees to any party.

3. The Clerk of Court shall award costs to Defendant upon presentation of a proper cost bill pursuant to Fed. R. Civ. P. 54 (d) and Local Rule 54.1.

The District Court Executive is hereby directed to enter this Order and Judgment accordingly, provide copies to counsel, and **CLOSE** the file.

**DATED** April 2, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL ~ 5